**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVE NGUYEN,

       Plaintiff-Appellant,

 v.

HARTFORD LIFE INSURANCE
COMPANY,

       Defendant-Appellee.

No. 09-56748

D.C. No. 8:09-cv-00244-AG (SS)

MEMORANDUM[*]

DAVE NGUYEN,

       Plaintiff-Appellee,

 v.

HARTFORD LIFE INSURANCE
COMPANY,

       Defendant-Appellant.

No. 09-56909

D.C. No. 8:09-cv-00244-AG (SS)

Appeal from the United States District Court

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted June 6, 2011[**]
Pasadena, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and PIERSOL, Senior District Judge.[***]

This appeal and cross-appeal involve a district court's award of attorney fees to Nguyen under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1132(g)(1).[1]

The district court did not abuse its discretion in setting an hourly rate of $180 for Nguyen's attorney fees after Nguyen failed to offer any relevant evidence to support the claimed $325 hourly rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (fee applicant bears the burden of producing satisfactory evidence of the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lawrence L. Piersol, Senior District Judge for the District of South Dakota, sitting by designation.

[1]    Hartford Life Insurance Company's motion to take judicial notice, filed at docket 20 in No. 09-56909, is denied.

2

reputation).  Evidence submitted by Hartford supports the $180 rate set by the district court.

Nguyen requested fees for 18 hours of time spent replying to Hartford's brief opposing the motion for attorney fees and attending the hearing on the motion for attorney fees.  In a somewhat cryptic manner, the district court indicated that it had considered those 18 hours, and the district court did not err in disallowing fees for those hours.

The district court appropriately awarded Nguyen attorney fees for time spent on unsuccessful, non-ERISA claims because those claims were related to the ERISA claims, and Nguyen achieved a level of success that makes those and the other hours reasonably expended, a satisfactory basis for making this fee award.  *See Dang v. Cross*, 422 F.3d 800, 812-13 (9th Cir. 2005); *see also Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1148 (9th Cir. 2003).

The district court properly calculated the lodestar amount by multiplying the 164.2 hours reasonably expended by Nguyen's lawyer by the reasonable hourly rate of $180, resulting in the attorney fee award of

$29,556.  *See McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999).

**AFFIRMED**.